UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| LOYD W. HOLTZCLAW, | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) Case No. CV416-068 |
| WARDEN JOSE MORALES, *et al.* | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Loyd Holtzclaw bring this 42 U.S.C. § 1983 complaint against the warden, a correctional officer, and two members of the medical staff at Coastal State Prison.[1] Liberally construing[2] his allegations, plaintiff pleads deprivation of adequate medical care after injuring himself trying to move from his wheelchair (he has cerebral palsy) to the bed in a cell, a bed claimed to be unsuited for those with disabilities. After preliminary review, the Court

---

[1] The prison itself has been dismissed from the Complaint. Doc. 10.

[2] *See Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)).

greenlit plaintiff's Eighth Amendment Claims against Warden Morales and Officer Jackson but directed him to file an Amended Complaint repleading his claim against the Jane Doe nurse and Dr. Awe. Doc. 10. The Court screens plaintiff's Amended Complaint under 28 U.S.C. § 1915A.[3]

I. BACKGROUND[4]

After falling while housed in a non-handicapped accessible cell, plaintiff sustained injuries to his head, neck, and back, and continues to "suffer then and now excru[c]iating shocking pain that run[s] down his neck into his back." Doc. 12 at 4. When medical staff responded, he was given "ineffective" pain medication and repeatedly refused an X-ray or

---

[3] The Prison Litigation Reform Act (PLRA) requires federal courts to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id.* Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court examines plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

[4] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

MRI. *Id.* Holtzclaw alleges that for the eight months since his fall, the medical director at the prison, Dr. Awe, has failed to respond to his begging, letters, sick call forms, grievances, and other requests to "get help for his serious and painful need." *Id.*

## II. ANALYSIS

Plaintiff fails to allege an Eighth Amendment claim for denial of medical care against Dr. Awe. Prison officials' deliberate indifference "'to an inmate's serious medical needs[5] violates the inmate's right to be free from cruel and unusual punishment." *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Estelle v. Gamble*, 429 U.S. 972 104 (1976). *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety).

---

[5] A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *see, e.g., Hutchinson v. N.Y. State Corr. Officers*, 2003 WL 22056997 at * 5 (S.D.N.Y. Sept. 4, 2003) (a "condition of urgency, one that might produce death, degeneration or extreme pain"). Only "those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Mere 'malpractice' allegations do not suffice." *Jackson v. Franks*, 2012 WL 6626020 at * 1 (S.D. Ga. Dec. 19, 2012).

3

At best, plaintiff alleges that, since his fall, the prison medical staff have given him pain medication that he considers insufficient and refused to conduct diagnostic imaging of his neck and back that he considers necessary. Plaintiff's *disagreement* with the type of conservative care provided to him, however, is simply not enough to demonstrate deliberate indifference to a serious medical need. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) (a prisoner cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) ("mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" do not give rise to § 1983 liability); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (even gross negligence is insufficient to establish a constitutional violation).

While a "doctor's decision to take an easier and less efficacious course of treatment" may constitute deliberate indifference, *Wallace v. Sheriff*, 518 F. App'x 621, 622 (11th Cir. 2013), differences of opinion between an inmate and medical staff in how to treat an injury do not, *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). *See Gonzalez v.*

*Sarreck*, 2011 WL 5051341 at * 18 (S.D.N.Y. Oct. 24, 2011) ("It is well settled that 'disagreements over medications, diagnostic techniques, forms of treatment, or the need for specialists or the timing of their intervention' are insufficient under § 1983"). At most, plaintiff's claim against Dr. Awe -- for not providing more aggressive treatment -- support a medical malpractice claim. Because that's not actionable under 42 U.S.C. § 1983, *see Estelle*, 429 U.S. at 105, Dr. Awe should be **DISMISSED** from the case.

Finally, Holtzclaw asks the Court to dismiss the Jane Doe nurse from the Complaint. Nurse Jane Doe is therefore **DISMISSED** from the case.

## III. CONCLUSION

As discussed in the Court's initial screening order, plaintiff Lloyd Holtzclaw's Eighth Amendment claims against Warden Morales and Officer Jackson[6] survive preliminary screening. Dr. Awe and Nurse Jane Doe, meanwhile, should now be **DISMISSED**, the caption amended accordingly, and all subsequent filings should so conform.

The Court **DIRECTS** the Clerk to forward a copy of plaintiff's

---

[6] Defendant Officer Jackson is further **ORDERED** to supply the Court with notice of his full name in any responsive pleading.

5

Complaint,[7] doc. 1, and this Report and Recommendation, to the United States Marshal for service upon the remaining defendants.

**SO REPORTED AND RECOMMENDED**, this __14th__ day of September, 2016.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[7] As plaintiff only amended his Complaint to address the deficiencies of his claim against the prison medical staff, and those staff are to be dismissed, his original Complaint is revived and should be considered to be the live pleading for the purpose of defendants' response(s), if any.