# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LLOYD W. HOLTZCLAW, )
)
    Plaintiff, )
)
v. )
) CV416-068
WARDEN JOSE MORALES, )
*et al*. )
)
    Defendants. )

## ORDER

Defendants in this prisoner civil rights action move to dismiss and to stay discovery. Docs. 18 & 20. Pending the outcome of the motion to dismiss, defendants have asked that discovery be stayed to "avoid the potentially unnecessary cost and burden of litigation." Doc. 20 at 1. Plaintiff opposes. Doc. 23.

After falling while housed in a non-handicapped accessible cell, plaintiff sustained injuries to his head, neck, and back, and continues to "suffer then and now excru[c]iating shocking pain that run[s] down his neck into his back." Doc. 12 at 4. When medical staff responded, he was allegedly given "ineffective" pain medication and repeatedly refused an

X-ray or MRI. *Id.* Holtzclaw alleges that for at least eight months following his fall, the medical director at the prison failed to respond to his begging, letters, sick call forms, grievances, and other requests to "get help for his serious and painful need." *Id.*

In their motion to dismiss, defendants argue, *inter alia*, that Holtzclaw failed to exhaust his administrative remedies prior to bringing suit. Doc. 18. Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a). Exhaustion is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA").[1] Because defendants have

---

[1] Not only does the PLRA require exhaustion, it "requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which means an inmate must "us[e] all steps" in the administrative process, and comply with any administrative "deadlines and other critical procedural rules," before filing a complaint about prison conditions in federal court. *Id.* at 89-91 (citation omitted); *see also Lambert v. United States*, 198 Fed. Appx. 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by" prison officials). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

moved to dismiss and put forward proof showing that plaintiff failed to exhaust and defendants did not inhibit his efforts to do so, dismissal is likely.[2] *See Turner v. Burnside*, 542 F.3d 1077, 1082 (11th Cir. 2008); *Harris*, 190 F.3d at 1285-86. A stay of discovery pending resolution of the motion to dismiss is therefore warranted. *See* Fed. R. Civ. P. 26(c).

The Court therefore **GRANTS** defendants' motion to stay pending disposition of their dismissal motion. Doc. 20.

**SO ORDERED**, this ___6th___ day of January, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] "When a party seeks a stay pending resolution of a motion to dismiss, a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted." *Sams v. GA West Gate, LLC*, 2016 WL 3339764 at * 6 (S.D. Ga. June 10, 2016) (quotes and cites omitted).

3